*1227 MORGAN, Senior Circuit Judge,
concurring in part and concurring in result:
I concur in parts II, III, and IV of Judge Godbold’s opinion which hold that Shahar’s rights of intimate and expressive association have been burdened and that strict scrutiny is the proper test to apply. For this reason, it is necessary to remand the case to the district court. Nevertheless, I respectfully disagree with Judge Godbold that the facts underlying Shahar’s association claims necessarily translate into a Free Exercise claim that requires strict scrutiny. Thus, I do not join in Part V of his opinion.
Furthermore, I disagree with Part VT of Judge Godbold’s opinion as it pertains to Shahar’s Equal Protection claim. Generally, the Equal Protection Clause of the Constitution requires that a state classification be rationally related to a legitimate state interest. Nordlinger v. Hahn, 505 U.S. 1, 10, 112 S.Ct. 2326, 2331, 120 L.Ed.2d 1 (1992); Panama City Medical Diagnostic Ltd., 13 F.3d 1541, 1545 (11th Cir.)., reh. denied 21 F.3d 1127 (11th Cir.), cert. denied, — U.S. -, 115 S.Ct. 93, 130 L.Ed.2d 44 (1994). A rational basis will not suffice, however, in cases involving either a suspect class or a fundamental right. Kadrmas v. Dickinson Pub. Schools, 487 U.S. 450, 457-58, 108 S.Ct. 2481, 2487-88, 101 L.Ed.2d 399 (1988); Panama City, 13 F.3d at 1545. In such a case, the strict scrutiny test must be applied. Many courts include religion as a classification or fundamental right that deserves strict scrutiny. See Droz v. Commissioner of I.R.S., 48 F.3d 1120, 1125 (9th Cir.1995) (discussing equal protection under the Fifth Amendment); Steffan v. Perry, 41 F.3d 677, 689 n. 9 (D.C.Cir.1994); Olsen v. Commissioner, 709 F.2d 278, 283 (4th Cir.1983) (discussing equal protection under the Fifth Amendment); Seoane v. Ortho Pharmaceuticals, Inc., 660 F.2d 146, 149 (5th Cir.1981); see also Johnson v. Robison, 415 U.S. 361, 375 n. 14, 94 S.Ct. 1160, 1169 n. 14, 39 L.Ed.2d 389 (1974) (noting that the free exercise of religion is a fundamental right under the Constitution). Judge Godbold’s opinion is based upon the argument that Shahar has an Equal Protection claim due to her fundamental right to exercise her religious beliefs. I believe this to be a mistake. Shahar has not brought before us an Equal Protection claim based on a fundamental religious right. Instead, as Judge Kravitch points out in her opinion, Shahar is arguing her homosexuality as a suspect class.[1] Thus, since Shahar has failed to raise religion as an issue with respect to her Equal Protection claim, I join with Judge Kravitch in affirming that portion of the district court’s order.[2]
Turning to Shahar’s contention that her homosexuality entitles her to the designation of being in a suspect class, I note that such an argument has been universally rejected by the courts that have considered it. See, e.g., Equality Found. of Greater Cincinnati, Inc. v. City of Cincinnati, 54 F.3d 261 (6th Cir.1995); Ben-Shalom v. Marsh, 881 F.2d 454 (7th Cir.1989), cert. denied, 494 U.S. 1004, 110 S.Ct. 1296, 108 L.Ed.2d 473 (1990); Rich v. Secretary of the Army, 735 F.2d 1220 (10th Cir.1984); see also High Tech Gays v. Defense Indus. Sec. Clearance Office, 895 F.2d 563 (9th Cir.) (discussing issue in the context of the Fifth Amendment), reh. denied, 909 F.2d 375 (9th Cir.1990). As pointed out by Shahar, it is true that this circuit has not ruled on the issue. Nevertheless, I agree with Judge Kravitch that the facts of *1228 this case do not require us now to make a determination. The evidence supports the district court’s conclusion on summary judgment that Bowers did not revoke Shahar’s job offer because of her sexual orientation. Instead, the dispute arose because Bowers believed that Shahar invoked the legal and civil significance of being married to another female, which is inconsistent with Georgia law.[3] Therefore, I do not believe the evidence supports Shahar’s Equal Protection claim.
For the reasons set forth above, I concur in Judge Godbold’s opinion only to the extent that the burdens placed upon Shahar’s intimate and expressive association claims are subject to strict scrutiny. Thus, I eoncur in the result that this ease should be remanded to the district court for further consideration.

. The portion of Shahar's appellate brief discussing Equal Protection makes numerous references to a homosexual classification claim, but it is devoid of any reference to a religious fundamental rights claim. See, e.g., Appellant’s Brief (filed May 13, 1994) at 42 ("Shahar’s equal protection claim rests on her contention that, as a homosexual, she was judged by Bowers ... differently than a heterosexual would have been judged.”), at 44 ("Shahar’s claim, however, is precisely that her conduct, as a homosexual, was evaluated differently.”), at 45-46 ("Here, Shahar’s direct evidence of being judged differently as a homosexual ... can fully establish the viability of her sexual orientation discrimination claim ... ”), at 47 ("All of the background to Shahar’s firing underscores that her acknowledged relationship with another woman triggered differential, adverse judgments about homosexuals versus heterosexuals ...”), and at 48 (“Shahar urges ... that, under the governing criteria, discrimination against gay people warrants heightened equal protection scrutiny.’’).

. I express no opinion as to the merits of Sha-har's claim had it been presented as a religious fundamental rights question.

. Shahar does not challenge the state of the law as it exists in Georgia with respect to same sex marriages.